UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ITI INTERNET SERVICES, INC., a Washington corporation; et al., | No. C05-2010Z |
| Plaintiffs, | |
| v. | ORDER |
| SOLANA CAPITAL PARTNERS, INC., a California corporation; et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' Motion for Preliminary Injunction, docket no. 16. Plaintiffs request that this Court enjoin a special meeting of HIMC Corporation's shareholders. The special shareholder meeting was ordered by the state court, in the related case of <u>Johnson v. HIMC Corp., et al.</u>, 05-210424-0 pending in Pierce County Superior Court. The state court judge has found that the current board members of HIMC Corporation violated their fiduciary duties to the shareholders which "were designed to obstruct a lawful, fair and democratic election of a board of directors for HIMC Corp." Second Declaration of David B. Adler, docket no. 45 at paragraph 2. The purpose of the special shareholder meeting is to elect new board members; the meeting is scheduled for February 23, 2006. <u>See</u> docket no. 29, exhibit 2.

ORDER 1–

To obtain a preliminary injunction, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor. <u>Prudential Real Estate Affiliates v. PPR Realty</u>, 204 F.3d 867, 874 (9th Cir. 2000). These are not separate tests, but rather "opposite ends of a single continuum in which the required showing of harm varies inversely with the required showing of meritoriousness." <u>Rodeo Collection, Ltd. v. West Seventh</u>, 812 F.2d 1215, 1217 (9th Cir. 1987) (quotation and citation omitted).

Plaintiffs in this action allege the special shareholder meeting will cause irreparable harm to them and interfere with this Court's ability to grant relief for their federal claims in this action. However, the state court ordered that there be no delay in the special shareholder meeting, and presumably any delay would cause harm to Defendants as shareholders of HIMC. <u>See</u> Partial Summary Judgment, docket 29, exhibit 2. The Court must balance these hardships to determine if an injunction is warranted.

Plaintiffs assert that if the meeting is held, they would suffer harm because (1) they will loose control of the board; (2) persons "unfamiliar with on-line payments industry" will be elected to the board; (3) Plaintiffs will be fired from their jobs; (4) the new board will "in all likelihood" cancel their stock; (5) Plaintiffs will be unable to defend anticipated future litigation; and (6) there may be interference with Plaintiffs attempt to transfer stock, docket no. 32 at 5. In contrast, Defendants will suffer ongoing harm if this Court allows board members who have violated their fiduciary duties to shareholders to remain in control of HIMC Corporation, docket 29, exhibit 2. There is a serious question as to whether the Court has subject matter jurisdiction. <u>See</u> 28 U.S.C. § 2283. However, the Court concludes that even if the Court has jurisdiction as a result of the Securities Exchange Act of 1934, an injunction is not appropriate in this case. The state court judge has already held individual Plaintiffs Ron Ehl, Pamela Ehl, and Virgil Llapitan in this action in contempt of court because of ongoing violations of their duties, docket no. 45, exhibit 1. In consideration of

ORDER  2–

the harm that would be suffered by Defendants if the special shareholder meeting is delayed, the Court concludes that the balance of harm does not favor the Plaintiffs in this action.

In addition, Plaintiffs have not demonstrated a likelihood of success on the merits.

For the forgoing reasons, the Court DENIES Plaintiff's Motion for a Preliminary Injunction, docket no. 16.

IT IS SO ORDERED.

DATED this 21st day of February, 2006.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER  3–