UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ITI INTERNET SERVICES, INC., a Washington corporation; et al.,

Plaintiffs,

v.

SOLANA CAPITAL PARTNERS, INC., a California corporation; et al.,

Defendants.

No. C05-2010Z

ORDER

This matter comes before the Court on Defendants' Motion for Findings and Sanctions, docket no. 89, Plaintiffs' Counter-Motion for Sanctions, docket no. 96, at 8-10, and Plaintiffs' Motion to Strike the Declaration of Terrence Crowley, docket no. 96, at 2. Having considered the briefs and declarations in support of and in opposition to the motions, the Court enters the following Order.

## BACKGROUND
### State Court Action (Pierce County): Case No. 05-2-10424-0

On August 2, 2005, Clifford Johnston, 4 Points Lake, LLC, Spags Investment Group, Calex Partners, LLC, Solana Capital Partners, Inc., and Western Clearing Corporation (the "State Court Plaintiffs") filed a lawsuit in Pierce County Superior Court against HIMC Corporation, Pamela Ehli, Ronald Ehli, Virgil Llapitan, the RPE Family Trust, and the Board

ORDER 1–

of Directors of HIMC Corporation (the "State Court Defendants").  Adler Decl., docket no. 91, Ex. 3 (State Court Compl.).  The State Court Plaintiffs alleged that the State Court Defendants were interfering with their right to participate in the 2005 annual shareholders' meeting for HIMC Corporation and to freely and without undue and unlawful interference elect by a majority vote a Board of Directors.  Id.  On August 11, 2005, Attorney Tracy Shier and the Otto Law Group entered an appearance in the state court action by filing an Answer to the State Court Complaint on behalf of the State Court Defendants.  Adler Decl. Ex. 4.  On October 20, 2005, the State Court Plaintiffs filed a motion for partial summary judgment, which was scheduled for a hearing on November 18, 2005.  Adler Decl. (Case No. C05-5745-FDB), docket no. 7, ¶ 7.

**First Federal Court Action (Tacoma): C05-5745-FDB**

On November 15, 2005, just three days before the state court hearing on the State Court Plaintiffs' motion for partial summary judgment, Mr. Shier, on behalf of the State Court Defendant HIMC Corporation, removed the state court action to federal court, where the case was assigned to Judge Burgess in Tacoma.  See Case No. C05-5745-FDB, docket no. 1.  On December 9, 2005, Judge Burgess remanded the case to state court and awarded the State Court Plaintiffs their fees and costs.  See Case No. C05-5745-FDB, docket nos. 21, 42.

**Second Federal Court Action (Seattle): C05-2010-TSZ**

On December 2, 2005 – while the State Court Plaintiffs' motion to remand was pending before Judge Burgess – Mr. Shier and the Otto Law Group filed a lawsuit in this Court on behalf of ITI Internet Services, Inc. ("ITI"), the RPE Family Trust, Pamela Ehli, Ronald Ehli, and Virgil Llapitan (the "Plaintiffs").  Plaintiffs (with the exception of ITI) were each sued as State Court Defendants in the state court action.  Plaintiffs sued thirty-eight defendants, including all of the State Court Plaintiffs, alleging securities fraud, mail

ORDER  2–

and wire fraud, and Racketeer Influenced and Corrupt Organizations Act ("RICO") violations. Compl., docket no. 1.

### Mr. Shier's Motions to Reconsider and to Consolidate before Judge Burgess

Mr. Shier moved Judge Burgess to reconsider the remand order, and also moved Judge Burgess to consolidate that action with the federal court action in this Court. Judge Burgess denied both the motion for reconsideration and the motion to consolidate. Adler Decl., Ex. 8. This Court believes that Mr. Shier improperly filed the federal court action in this Court, in part, in an attempt to create a basis for removal and for consolidation, which, if allowed, would have denied the jurisdiction of the state court to rule on an issue of state corporate law and the unlawful conduct of the State Court Defendants.

### State Court's Order Re: New Shareholders' Meeting

On January 6, 2006, state court Judge Thomas Felnagle granted the State Court Plaintiffs' motion for partial summary judgment. Adler Decl., Ex. 6. Judge Felnagle held that the State Court Defendants, as members of the Board of Directors of HIMC, had violated their fiduciary duties owed to shareholders. Id., Ex. 6 at 2. He ordered that a new shareholders' meeting be held under the direction of a Special Master as soon as possible in order to hold a new vote for HIMC's Board of Directors. Id., Ex. 6 at 2-3. He further ordered the parties to cooperate with the Special Master so that there would be no delay in holding the shareholders' meeting. Id., Ex. 6 at 3.

### Mr. Shier's Motion for Temporary Restraining Order

On January 9, 2006, three days after Judge Felnagle ordered that a shareholders' meeting be held, Mr. Shier, on behalf of Plaintiffs, filed a motion for a temporary restraining order ("TRO") in this Court, seeking to enjoin the Special Master appointed by the state court from conducting the shareholders' meeting. Mot. for TRO, docket no. 16. The Court denied the injunctive relief based on the harm to the shareholders that they would suffer if

ORDER 3–

the shareholders' meeting was delayed and based on the failure of the Plaintiffs to demonstrate a likelihood of success on the merits. Order, docket no. 47.

### Mr. Shier's Motion to Disqualify Mr. Adler

On January 10, 2006, Mr. Shier, on behalf of Plaintiffs, filed a motion to disqualify Attorney David Adler from representing six of the defendants – (1) Henry (Jay) Gurley, III, (2) Judy Morton Johnston, (3) Jerry Cornwell, (4) Four Points Lake, LLC, (5) K. Mitchell Wiggins, and (6) Luke D'Angelo (hereinafter "Defendants") – in this case.[1] Pls.' Mot. Disqualify, docket no. 20. The basis for this motion was purportedly that Mr. Adler would be a necessary witness in the case. Plaintiffs had served Mr. Adler with a subpoena duces tecum. See id. at 4-5. After the Court denied Plaintiffs' motion to disqualify, Plaintiffs never sought to depose Mr. Adler despite the Court's having overruled Defendants' objections to the subpoena. Minute Order, at docket no. 46.

### Defendants' Motion to Dismiss Complaint

On January 17, 2006, Defendants moved to dismiss Plaintiffs' Complaint pursuant to FED. R. CIV. P. 9(b) and 12(b)(6). Defs.' Mot. docket no. 27. Instead of filing a response to the motion, Plaintiffs filed an Amended Complaint on the date their response was due. Am. Compl., docket no. 41. The Court thus struck Defendants' motion to dismiss as moot. Minute Order, docket no. 46. The Amended Complaint dropped the separate mail and wire fraud charges, but added a declaratory judgment claim.[2] Like the Complaint, the Amended Complaint sought $25,000,000 in damages and treble damages. Am. Compl. at 23. Defendants again moved to dismiss the Amended Complaint. Defs.' Mot., docket no. 51.

---

[1] These same six defendants are now moving for sanctions.

[2] The Amended Complaint also "fixed" the fact that the original complaint named HIMC as both a Plaintiff and a Defendant, and named HIMC only as a Defendant. The only problem with naming HIMC as a Defendant was that Plaintiffs' attorney Tracy Shier was suing his own client – who he was representing as a State Court Defendant. Furthermore, some of the Plaintiffs in this federal court action were the directors of HIMC at the time the lawsuit was filed.

ORDER   4–

1  The Court granted the motion, and dismissed Defendants without prejudice. Order, docket
2  no. 68. Plaintiffs did not file another complaint to cure the deficiencies in the Amended
3  Complaint.

**Mr. Shier's Withdrawal from the Case**

Three days after the Court granted Defendants' motion to dismiss, the lead attorney for Plaintiffs, Tracy Shier, moved to withdraw from the case, docket no. 70, on the grounds that he was no longer with the Otto Law Group, which is the law firm representing Plaintiffs. The Court granted Mr. Shier's motion to withdraw. Order, docket no. 73.

**The Court's Dismissal of the Remainder of the Case for Lack of Prosecution**

After the Court dismissed the six "Defendants," there remained two defendants in the case who had been served. On October 18, 2006, the Court dismissed the case without prejudice for failing to file an updated Joint Status Report. Minute Order, docket no. 85. The Court did not enter a judgment at any time.

**Present Motions**

Before the Court is Defendants' motion for fees, costs, and sanctions under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(c), FED. R. CIV. P. 11(b)(1) and 11(b)(2), and 28 U.S.C. § 1927. Defendants seek all of their fees and costs in connection with this lawsuit, including the fees and costs incurred in opposing the motion for TRO/preliminary injunction, in bringing the two motions to dismiss, in opposing the motion to disqualify, and in bringing the present motion for sanctions. The opening motion requests $46,480.00 in fees and costs, representing $26,690.70[3] incurred by David Adler (and his paralegal, Yuliana Poletayeva), and $19,789.31[4] incurred by Ken Kieffer, who also represented the six defendants represented by Mr. Adler. Mr. Adler and Mr. Kieffer have submitted declarations documenting their fees and costs. Second Adler Decl., docket

---

[3] This $26,690.70 figure represents $26,428.70 in fees and $262.00 in costs.

[4] This $19,789.31 figure represents $19,639.00 in fees and $150.31 in costs.

ORDER  5–

no. 92; Kieffer Decl., docket no. 93.  Defendants' reply requests an additional $1,504.50 in fees incurred by Attorney Adler in drafting the reply brief.  Third Adler Decl., docket no. 101, ¶ 3.  Mr. Adler's rate was $275 per hour through June 30, 2006, and was increased to $295 per hour thereafter.  Second Adler Decl. ¶ 3.  Mr. Adler's paralegal's rate was $100 per hour.  Id. ¶ 4.  Mr. Kieffer's rate was $250 per hour through December 2005, and was increased to $275 per hour thereafter.  Kieffer Decl. ¶ 3.

In their response, Plaintiffs moved to strike the Declaration of Terrence Crowley and counter-moved for sanctions for $50,000 in fees and costs.  Pls.' Resp., docket no. 96, at 2, 8-10.

# DISCUSSION

### A.  Rule 59(e)

Plaintiffs argue that Defendants' motion for sanctions fails to comply with FED. R. CIV. P. 59(e), which provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  FED. R. CIV. P. 59(e).  The Court rejects this argument because the Court never entered a judgment in the case pursuant to FED. R. CIV. P. 58(a), which requires that "[e]very judgment . . . must be set forth on a separate document," subject to certain exceptions that do not apply here.

### B.  PSLRA, 15 U.S.C. § 78u-4(c)(1)-(3)

In the Court's Order entered on June 27, 2006, docket no. 68, the Court, as to the six moving defendants, dismissed Plaintiffs' securities fraud claim, which was governed by the PSLRA.  Defendants now move for findings and sanctions under the PSLRA, which provides:

> **(c) Sanctions for abusive litigation**
> **(1) Mandatory review by court**
> In any private action arising under this chapter, upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

ORDER  6–

**(2) Mandatory sanctions**
If the court makes a finding under paragraph (1) that a party or attorney violated any requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion, the court shall impose sanctions on such party or attorney in accordance with Rule 11 of the Federal Rules of Civil Procedure.  Prior to making a finding that any party or attorney has violated Rule 11 of the Federal Rules of Civil Procedure, the court shall give such party or attorney notice and an opportunity to respond.
**(3) Presumption in favor of attorneys' fees and costs**
    **(A) In general**
    Subject to subparagraphs (B) and (C), for purposes of paragraph (2), the court shall adopt a presumption that the appropriate sanction –
        (i) for failure of any responsive pleading or dispositive motion to comply with any requirement of Rule 11(b) of the Federal Rules of Civil Procedure is an award to the opposing party of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation; and
        (ii) for substantial failure of any complaint to comply with any requirement of Rule 11(b) of the Federal Rules of Civil Procedure is an award to the opposing party of the reasonable attorneys' fees and other expenses incurred in the action.
    **(B) Rebuttal evidence**
    The presumption described in subparagraph (A) may be rebutted only upon proof by the party or attorney against whom sanctions are to be imposed that –
        (i) the award of attorneys' fees and other expenses will impose an unreasonable burden on that party or attorney and would be unjust, and the failure to make such an award would not impose a greater burden on the party in whose favor sanctions are to be imposed; or
        (ii) the violation of Rule 11(b) of the Federal Rules of Civil Procedure was de minimis.
    **(C) Sanctions**
    If the party or attorney against whom sanctions are to be imposed meets its burden under subparagraph (B), the court shall award the sanctions that the court deems appropriate pursuant to Rule 11 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(c)(1)-(3).

Plaintiffs raise a preliminary issue under Section 78u-4(c)(1), which requires the Court to make specific Rule 11 findings "upon final adjudication of the action."  The Court finds that this "action" commenced on December 5, 2005, with the filing of Plaintiffs' original complaint, and that the Court's "final adjudication of the action" took place on October 18, 2006, when the Court entered a Minute Order dismissing the action without prejudice for failure of the parties to file an updated JSR.  See DeMarco v. Depotech Corp., 131 F. Supp. 2d 1185, 1188 (S.D. Cal. 2001) (holding that "an action is finally adjudicated when the district court case file is closed.").  Plaintiffs argue that Defendants were required

ORDER  7–

to file any motion for sanctions within ten days of the Minute Order, relying upon the Rule 59(e) requirement to file a motion to amend a judgment no later than ten days after entry of the judgment. The Minute Order entered on October 18, 2006 was not a "judgment" within the meaning of Rule 59(e) (and Rule 58(a)). Because the statute does not contain a time for filing a motion for findings and sanctions, the Court declines to hold that Defendants' motion is untimely.

Defendants assert that they should be awarded all fees and costs incurred "in the action" because, under 15 U.S.C. § 78u-4(c)(3)(A)(ii), there was a "substantial failure of any complaint to comply with any requirement of Rule 11(b) of the Federal Rules of Civil Procedure." Defendants argue that the Complaint and the Amended Complaint should never have been filed. Defendants ask the Court to make findings as are mandated by 15 U.S.C. § 78u-4(c)(1) regarding compliance by the Plaintiffs and their attorneys at the Otto Law Group "with each requirement of Rule 11(b)" as to "any complaint." Defs.' Mot. at 9 n.7 (quoting 15 U.S.C. § 78u-4(c)(1)). Under the PSLRA, "the district court has 'broad fact-finding powers' to grant or decline sanctions." Smith v. Lenches, 263 F.3d 972, 978 (9th Cir. 2001). The Court incorporates its findings pursuant to 15 U.S.C. § 78u-4(c)(1) into the Order below.

**C.   FED. R. CIV. P. 11(b)**

Rule 11(b) provides, in pertinent part:

> (b) Representations to Court.
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. . . .

ORDER   8–

FED. R. CIV. P. 11(b)(1)-(2).[5]

"Subjective bad faith is not necessary to impose sanctions under Rule 11. . . . Sanctions under Rule 11 are appropriate when a pleading which has been filed 'is frivolous, legally unreasonable, or without factual foundation.'" Orange Prod. Credit Ass'n v. Frontline Ventures Ltd., 792 F.2d 797, 800 (9th Cir. 1986) (quoting Zaldivar v. City of Los Angeles, 780 F.2d 823, 829, 831 (9th Cir. 1986)).

### 1. Rule 11(b)(1)

Defendants argue, and the Court finds, that Attorney Tracy Shier and the Otto Law Group – the law firm where Mr. Shier worked at all relevant times[6] – violated Rule 11(b)(1) by filing the Complaint and Amended Complaint for the improper purpose of harassing and intimidating the moving Defendants, to derail the state court proceedings, to add weight to their otherwise baseless attempt to remove the state court case to federal court (before Judge Burgess), and to prevent about 435 shareholders of a public corporation from voting at an annual shareholders' meeting as to whether to retain persons on the Board of Directors whom the State Court had found to have violated their fiduciary duties to the shareholders.

Plaintiffs fail to address these allegations. Instead, Plaintiffs assert that they "initiated this action for the purpose of correcting a legally redressable harm under federal securities law." Pls.' Resp. at 7. Even though the Court held that Plaintiffs' Amended Complaint

---

[5] Although Defendants assert that Rule 11(b)(3) was also violated, see Defs.' Mot. at 13, they assert that "it is unnecessary to also determine whether a violation of Rule 11(b)(3) also exists." See Defs.' Mot. at 14. The Court does not make any findings as to Rule 11(b)(3).

[6] Defendants do not seek sanctions against Kevin Snowden, who was an attorney of record for Plaintiffs, but not until after the Complaint and Amended Complaint were filed, and not until after the Plaintiffs' response to the Defendants' motion to dismiss the Amended Complaint was filed. See Notice of Appearance (June 19, 2006), docket no. 67. Tracy Shier was the attorney who signed both the Complaint and Amended Complaint, as well as the motion for TRO, the motion to disqualify, and the response to Defendants' motion to dismiss the Amended Complaint. Kevin Snowden's appearance occurs less than two weeks before Tracy Shier moves to withdraw from representing Plaintiffs. The two Otto Law Group attorneys who are now representing Plaintiffs – namely David Otto and Andrew Stolowitz – appeared on December 22, 2006 to respond to the present motion for sanctions.

ORDER  9–

failed to meet the heightened pleading requirements of PSLRA, Plaintiffs assert that their "allegations accurately described the fraudulent conduct surrounding Defendants' financing and management scheme." Id.

Plaintiffs arguments are unpersuasive. It is noteworthy that Plaintiffs filed a five-page response brief, docket no. 60, to Defendants' 24-page motion to dismiss, docket no. 51. The Court characterized Plaintiffs' response as "conclusory," "superficial," and "entirely inadequate." Order, docket no. 68, at 8. Plaintiffs' meager attempt to support their allegations in response to Defendants' motion to dismiss bolsters Defendants' position that the lawsuit was brought for improper purposes.

Defendants also point out that after the Court granted Defendants' motion to dismiss (as to the six moving defendants), Plaintiffs ignored the pending claims against the remaining two defendants who had been served, failed to serve the thirty other defendants, and failed to respond to the Court's orders for an updated Joint Status Report, which ultimately led to the Court's dismissal of the case. The Court finds that the failure of Plaintiffs to prosecute the action further demonstrates the improper purposes for which it was filed.

Defendants argue that the claim for $25 million in damages demonstrates the Plaintiffs' improper purpose of harassment. Defendants point out that some of the defendants had licensed positions within the securities industry, and a legal claim for $25 million in damages threatens their reputations and credit ratings with banks and insurance companies. Defendants rely on a Ninth Circuit employment discrimination (i.e., not securities) case which upheld a district court's Rule 11 sanctions based, in part, upon the district court's finding that "the $4.2 million damage [counter]claim was wholly unsubstantiated and unconscionable against an unemployed woman over 50 years of age whose husband is living on retirement." Hudson v. Moore Bus. Forms, Inc., 836 F.2d 1156, 1162 (9th Cir. 1987). "[P]rior to filing a civil action, an attorney has a duty to make an investigation 'to ascertain that the damages sought appear to bear a reasonable relation to

ORDER  10–

injuries actually sustained.'" Id. (quoting Rhinehart v. Stauffer, 638 F.2d 1169, 1171 (9th Cir.1979) (per curiam) (discussing the purposes of Rule 11)).  In Hudson, when the employer attempted to explain its counterclaim for $4.2 million in punitive damages as a response to the employee's $4 million claim, the Ninth Circuit accused the employer of having a "retaliatory motive." Id. at 1163.  Here, Plaintiffs do not even attempt to explain the legal or factual underpinning of their $25 million damages claim.  The Court finds that Plaintiffs had no legal or factual basis for alleging $25 million in damages.

For the above reasons, the Court finds that Plaintiffs violated Rule 11(b)(1) by filing the Complaint and Amended Complaint for the improper purpose of harassing Defendants, some of whom were legitimately pursuing claims against Plaintiffs (all but ITI) in state court, for the improper purpose of preventing the state court from resolving the claims there asserted, and for the improper purpose of unnecessarily increasing the costs of litigation.

### 2. Rule 11(b)(2)

Defendants argue, and the Court finds, that Attorney Tracy Shier and the Otto Law Group violated Rule 11(b)(2) by filing legally baseless claims under the Securities Exchange Act of 1934 and under RICO.[7]  If Plaintiffs had properly investigated the securities claim, they would have realized that there is no securities law violation absent a purchase and sale.  They would have also realized that there is no RICO claim predicated upon a securities fraud claim involving the purchase and sale of securities, under 18 U.S.C. § 1964(c).  See Order, docket no. 68, at 12-13.  Defendants rely on a Fifth Circuit case that emphasizes that "any attorney's responsibility to conduct a reasonable prefiling investigation is particularly important in RICO claims. . . . [G]reater responsibility will be placed on the bar to inquire into the factual and legal bases of potential claims or defenses prior to bringing such suit or risk sanctions for failing to do so." Chapman & Cole v. Itel Container Int'l, 865 F.2d 676,

---

[7] Plaintiffs' claim for $25 million in damages also supports the Court's finding of a Rule 11(b)(2) violation because Plaintiffs have failed to provide any legal support for such an extravagant damages claim.

ORDER  11–

685 (5th Cir. 1989); accord Pioneer Lumber Treating, Inc. v. Cox, 5 F.3d 539 at \*\* 3 (9th Cir. 1993) (unpublished).  Plaintiffs, in their response to the motion to dismiss, did not argue for a change in the law under 18 U.S.C. § 1964(c).  Furthermore, Plaintiffs retained their securities and RICO claims in their Amended Complaint despite the fact that Defendants' first motion to dismiss highlighted the legal deficiencies of the claims.

Plaintiffs respond that "[d]uring the course of preparing for litigation associated with the original and amended complaints, the Otto Law Group, PLLC, assigned three attorneys to investigate the facts and research relevant precedent involved."  Pls.' Resp. at 4.  "Plaintiffs are willing to provide declarations illustrating the extensive research Plaintiffs conducted in filing Plaintiffs' complaints."  Id.  Plaintiffs provided no such declarations, or time sheets, or any documentation of work effort.  It is unclear what Plaintiffs are waiting for – now is the time to defend against Defendants' motion for sanctions.  Plaintiffs' meager response to Defendants' motion to dismiss also demonstrates that Plaintiffs had not undertaken any "extensive" legal research prior to filing their Complaint and Amended Complaint.

Plaintiffs also assert that "[t]he gravamen of the RICO claims were securities law violations occurring more in the nature of Section 14 violations of the '34 Exchange Act, not the antifraud provisions of Section 10 and Rule 10b-5 of the Act."  Pls.' Resp. at 6.  However, the Amended Complaint alleges a Rule 10b-5 violation, not a Section 14 violation.  Am. Compl. at 2, ¶ 2 ("The claims herein arise under § 10(b) of the Exchange Act. . . and Rule 10b-5").  Neither the Amended Complaint nor Plaintiffs' response to Defendants' motion to dismiss mention Section 14.

For the above reasons, the Court finds that Plaintiffs violated Rule 11(b)(2) because the claims were not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

ORDER   12–

### D. Conclusion Re: PSLRA and Rule 11(b)(1) and Rule 11(b)(2)

As outlined above, the Otto Law Group and Attorney Tracy Shier are responsible for the "substantial failure" of the Complaint and Amended Complaint to comply with Rule 11(b)(1) and (b)(2). The PSLRA requires the court to "adopt a presumption that the appropriate sanction . . . for substantial failure of any complaint to comply with any requirement of Rule 11(b) of the Federal Rules of Civil Procedure is an award to the opposing party of the reasonable attorneys' fees and other expenses incurred in the action." 15 U.S.C. § 78u-4(c)(3)(A)(ii). This presumption may be rebutted only upon proof that:

> (i) the award of attorneys' fees and other expenses will impose an unreasonable burden on that party or attorney and would be unjust, and the failure to make such an award would not impose a greater burden on the party in whose favor sanctions are to be imposed; or
>
> (ii) the violation of Rule 11(b) of the Federal Rules of Civil Procedure was de minimis.

Id. § 78u-4(c)(3)(B). Plaintiffs have neither argued that the sanctions will impose an unreasonable burden nor that the violation of Rule 11(b) was de minimis. The Court finds that the sanctions will not impose an unreasonable burden on the Otto Law Group or Tracy Shier, that the sanctions are just, and that the violations of Rule 11(b) were not de minimis.

Defendants argue that sanctions are mandatory if the Court finds a Rule 11(b) violation. The PSLRA provides, in pertinent part, that "[i]f the court makes a finding under paragraph (1) that a party or attorney violated any requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion, the court shall impose sanctions on such party or attorney in accordance with Rule 11 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(c)(2). Rule 11(c) provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the Court may, subject to the conditions below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation."

ORDER  13–

Plaintiffs have had notice and a reasonable opportunity to respond. They have not challenged the reasonableness of the rates charged nor the hours expended by defense counsel. Accordingly, the Court imposes sanctions on Mr. Shier and the Otto Law Group pursuant to the PSLRA and Rule 11 and awards Defendants' their requested attorneys fees and costs.[8]

### E.  28 U.S.C. § 1927

Defendants also move for sanctions under 28 U.S.C. § 1927, which provides: "Any attorney[9] or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Defendants point out that Section 1927 by its terms appears to apply to actions taken after the filing of the Complaint, and therefore they rely on this statute only as support for their fees and costs associated with 1) the Amended Complaint and all proceedings related thereto; 2) the motion to disqualify David Adler as counsel for Defendants; 3) the motion for TRO and all proceedings related thereto; and 4) the issuance of a subpoena to David Adler and all proceedings related thereto, docket no. 36 (Defendants' Objections to Subpoena). In their response to Defendants' motion for sanctions, Plaintiffs fail to address Defendants' 28 U.S.C. § 1927 arguments.

---

[8] Although Plaintiffs have not pointed it out, there is a discrepancy between Attorney Ken Kieffer's request for fees and his documentation. He requests $19,639.00 in fees but his declaration states the "Grand Total" of fees as $19,226.50. Kieffer Decl., Ex. 1 at 11. Mr. Kieffer's fee award is therefore limited to the $19,226.50 in fees that were documented.

[9] Although the statute appears to apply only against an *attorney*, costs and fees against a law firm have also been upheld. See, e.g., Lee v. First Lenders Ins. Servs., Inc., 236 F.3d 443, 445-46 (8th Cir. 2001) (holding that a law firm unreasonably and vexatiously multiplied the proceedings by permitting the action to proceed with discovery and motion practice for over a year and a half, before abandoning the class claims without explanation). Here, the Otto Law Group is held jointly accountable as Mr. Shier's employer. In Plaintiffs' response to Defendants' motion for sanctions, the Otto Law Group makes no attempt to distance itself from Mr. Shier's activities and no argument that only Mr. Shier should be held liable for sanctions.

ORDER   14–

Through the filing of the Amended Complaint and the subsequent motions, named above, the Court finds that Attorney Tracy Shier and the Otto Law Group multiplied the proceedings "unreasonably and vexatiously." Accordingly, the Court imposes sanctions against Mr. Shier and the Otto Law Group pursuant to 28 U.S.C. § 1927 and awards Defendants' their requested attorneys fees and costs.

**Plaintiffs' Motion to Strike the Declaration of Terrence Crowley, docket no. 96, at 2**

Defendants submitted a Declaration of Terrence Crowley, docket no. 90, a senior Vice President for The Bancorp Bank, who states that on or about March 6, 2006, Mr. Shier made statements admitting that "he was a devious lawyer," that "he had filed a lawsuit that he understood might be thrown out," and that "the current management of ITI, if replaced, would be leaving the company in really bad shape." Crowley Decl., docket no. 90, ¶ 3. Plaintiffs have moved to strike this declaration, arguing that Mr. Shier's declaration directly contradicts the statements made by Mr. Crowley, see Shier Decl., docket no. 97, ¶ 9, and Mr. Crowley is not impartial. The Court does not give any weight to Mr. Crowley's Declaration in its review of Defendants' motion for sanctions. The Court GRANTS Plaintiffs' Motion to Strike the Declaration of Terrence Crowley, docket no. 96, at 2.

**Plaintiffs' Counter-Motion for Sanctions, docket no. 96, at 8-10**

Plaintiffs assert that Defendants violated Rule 11 when they filed their current motion for sanctions under Rule 11. Plaintiffs make an unsupported assertion that Mr. Adler "had a financial stake in the corporations associated with the Plaintiffs' original complaint" and accuse Mr. Adler of filing the motion for sanctions to harass Mr. Shier and the Otto Law Group. Plaintiffs seek $50,000 "at a minimum" in fees and costs. Plaintiffs have failed to file any documentation of their fees and costs in support of their counter-motion for sanctions. Plaintiffs' wholly unsupported counter-motion for sanctions is another example of Plaintiffs' frivolous actions in this case. The Court DENIES Plaintiffs' Counter-Motion for Sanctions, docket no. 96, at 8-10.

ORDER  15–

## CONCLUSION

The Court GRANTS Defendants' Motion for Findings and Sanctions, docket no. 89. The Court has incorporated its findings into the above Order. The Court ORDERS the Otto Law Group and Attorney Tracy Shier to pay Attorney David B. Adler, as attorney for Defendants, **$28,195.20**, and to pay Attorney Ken Kieffer, as attorney for Defendants, **$19,376.81**, as sanctions for having violated FED. R. CIV. P. 11(b)(1) and 11(b)(2) and 28 U.S.C. § 1927. Payment shall be made **within thirty days of the entry of this Order**.

The Court directs the Clerk to enter a Judgment identifying the Judgment Debtors as being: (1) the Otto Law Group, PLLC, Washington UBI # 601-967-476, and (2) Tracy Shier, WSBA #1282, and the Judgment Creditors as being the following defendants: (1) Henry (Jay) Gurley, III, (2) Judy Morton Johnston, (3) Jerry Cornwell, (4) Four Points Lake, LLC, (5) K. Mitchell Wiggins, and (6) Luke D'Angelo.

The Court GRANTS Plaintiffs' Motion to Strike the Declaration of Terrence Crowley, docket no. 96, at 2.

The Court DENIES Plaintiffs' Counter-Motion for Sanctions, docket no. 96, at 8-10.

IT IS SO ORDERED.

DATED this 27th day of February, 2007.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER  16–